# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ALBERTO BARRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-3784-O (BF) |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP for the Benefit of Ace Securities Corp Home Equity Loan Trust, Series 2006-CW1, Asset-Backed Pass Through Certificates ("Bank of America") has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 5. For the following reasons, the Court recommends that the Motion to Dismiss be GRANTED.

## Background

Plaintiff Alberto Barron originally filed this action in Texas state court against Bank of America and Steven L. Seider, Dallas County Justice of the Peace for Precinct 3, Place 2, challenging foreclosure proceedings initiated against his property in Dallas, Texas. Bank of America timely removed the case to federal court on grounds of diversity of citizenship. *See* Rem. Not. (Doc. 1) at 3-5.[1] Succinctly stated, Plaintiff's petition alleges that Bank of America failed to give him

---

[1] Bank of America also avers that removal is proper on grounds of federal question jurisdiction "because Plaintiff alleges violations of the Fair Debt Collection Practices Act ... and the Securities Act of 1933." Rem. Not. at 2, ¶ 4. The Court has carefully reviewed Plaintiff's original petition and can find no allegations relating to violations

proper notice of any default under his mortgage documents or the opportunity to cure his default prior to foreclosing on his property in violation of the Deed of Trust and the Texas Property Code. Based on this conduct, Plaintiff sues for wrongful foreclosure, breach of contract, and conversion. He seeks injunctive relief, damages, and a recision of the foreclosure. Bank of America moves to dismiss all of Plaintiff's claims and causes of action on grounds that Plaintiff has failed to state a claim upon which relief can be granted. The issues have been fully briefed by the parties,[2] and the motion is ripe for determination.

## Jurisdiction

Before proceeding to the merits of Bank of America's motion to dismiss, the Court must examine the basis of its subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (federal court has independent duty to determine whether it has subject matter jurisdiction over a case). A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

---

of any federal law. Removal is therefore not proper on the basis of federal question jurisdiction.

[2] Plaintiff, who has been proceeding *pro se* since his lawyer was permitted to withdraw on January 8, 2013 (*see* Doc. 19), filed an out-of-time response (*see* Doc. 24), which – in the interest of justice – the Court has fully considered.

Bank of America contends that removal is proper on diversity grounds because it is a citizen of North Carolina, Plaintiff is a citizen of Texas, and the fair market value of the property at issue in the underlying foreclosure proceeding is $130,530. Rem. Not. at 3, ¶¶ 6-7 & 5, ¶ 13. Bank of America acknowledges that Judge Seider is also a citizen of Texas, but argues that he is a nominal defendant whose citizenship should be disregarded for purposes of diversity jurisdiction because he was improperly joined. *Id.* at 3, ¶ 8.

A defendant alleging improper joinder has the heavy burden of demonstrating either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). Under the second alternative, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. A plaintiff's joinder of nominal, formal, or unnecessary parties cannot defeat diversity jurisdiction and prevent removal. *Pesch v. First City Bank of Dallas*, 637 F.Supp. 1530, 1536 (N.D. Tex. 1986)

Plaintiff has not asserted any claim or cause of action against Judge Seider. Nor has he alleged any facts which could establish that Judge Seider has any right, title, or interest in the property at issue or that the judge could be held liable to Plaintiff in connection with the foreclosure of the property. Rather, it appears that Plaintiff named Judge Seider as a defendant solely in an attempt to prevent him from exercising his ministerial duty of issuing a writ of possession to enforce the judgment awarded to Bank of America in an eviction proceeding against Plaintiff. Rem. Not.,

Exh. A at PageID 15, ¶ 16 & 18-81, ¶¶ 38-46; *see also id.* at Page ID 79-93. Under these circumstances, the Court concludes that Judge Seider is a nominal defendant whose citizenship should be disregarded for diversity purposes. *Cf. Sun River Energy, Inc. v. Mirador Consulting Inc.*, No. 3:11-CV-1132-K, 2011 WL 3703229, at *3 (N.D. Tex. Aug. 19, 2011) (corporation and its transfer agent held to be nominal defendants whose presence in lawsuit did not preclude removal because they were named as parties only to prevent their exercise of ministerial duty to transfer of shares of corporation's stock).

Because Plaintiff seeks to rescind a foreclosure, the value of the property at issue is the appropriate measure to use in determining the amount in controversy for purposes of diversity jurisdiction. *Griffin v. HSBC Bank USA*, No. 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (citing *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977) and *Waller v. Prof. Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). The Substitute Trustee's Deed, which Plaintiff attached to his state-court petition, establishes that the property was sold on February 7, 2012 for $111,608.79. *See* Rem. Not., Exh. A at PageID 63. Also, according to the Dallas County Appraisal District, the property has a current market value of $130,530.00. *Id.*, Exh. B. Both of these amounts exceed the jurisdictional minimum. Federal jurisdiction is thus proper on the basis of diversity of citizenship.

**Legal Standards and Analysis**

Fed. R. Civ. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4

(2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* at 555-56.

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Judged against these standards, the Court determines that Plaintiff has failed to state a plausible claim for wrongful foreclosure. The elements of wrongful foreclosure under Texas law are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mort. Corp.*, 268 S.W.3d 135, 139 (Tex. App. -- Corpus Christi 2008, no pet.). Plaintiff alleges that Bank of America's foreclosure was procedurally defective because the bank failed to provide him with proper notice of a default and an opportunity to cure the default in violation of the terms of the

Deed of Trust and the Texas Property Code. *See* Rem. Not., Exh. A at PageID 16, ¶¶ 22-23. However, Plaintiff has not alleged that $111,608.79 -- the sales price of the property at the foreclosure (*see id.*, Page ID 63) -- was grossly inadequate. Nor has he alleged any causal connection between the purported defect in the foreclosure proceeding and the sales price. In his response to Bank of America's motion to dismiss, Plaintiff suggests that the foreclosure sales price was inadequate because it was lower than the total mortgage debt of $120,000. However, Texas cases establish that a foreclosure price of more than 50% of the property's value is not grossly inadequate as a matter of law. *Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n*, No. 12-10307, 2013 WL 363118, at *1 (5th Cir. Jan. 30, 2013) (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.--Amarillo 2007, pet. denied) and *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App.--Dallas 1932, no writ history). Plaintiff has therefore failed to state a plausible claim for wrongful foreclosure.

Plaintiff has similarly failed to state a claim for breach of contract. Under Texas law, the elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. -- Houston [14th Dist.] 2005, no pet.). Plaintiff alleges that Bank of America breached the Deed of Trust contract because it failed to provide him with proper notice of a default and an opportunity to cure the default prior to the foreclosure of his property. *See* Rem. Not., Exh. A at PageID 15, ¶ 18. Plaintiff also admits, however, that he fell behind in his mortgage payments and attempted to negotiate a workout with his lender. *See id.* at PageID at 12-14. Thus, Plaintiff's breach of contract claim is fatally deficient. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a

well-established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'"); *Wilkerson v. Citimortgage, Inc.*, No. 3:11-CV-1393-O-BK, 2011 WL 6937382 at *2 (N.D. Tex. Oct. 24, 2011), *rec. adopted*, 2012 WL 11039 (N.D. Tex. Jan. 3, 2012) (dismissing claim for breach of contract where plaintiff failed to allege performance under mortgage documents).

Finally, Plaintiff has failed to state a claim for conversion. Under Texas law, the tort of conversion only applies to the taking of personal property. There is no cause of action for conversion of real property. *See Lucio v. John G. & Marie Stella Kennedy Mem'l Found.*, 298 S.W.3d 663, 672 (Tex. App.--Corpus Christi 2009, pet. denied); *Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 599 n. 4 (Tex. App.--Houston [14th Dist.] 1994, writ denied). To the extent Plaintiff contends that Bank of America converted the equity in his property, he must show, among other things, that the bank "assumed and exercised dominion and control over the property *in an unlawful and unauthorized manner*, to the exclusion of and inconsistent with the plaintiff's rights." *Automek, Inc. v. Orandy*, 105 S.W.3d 60, 63 (Tex.App.-Houston [1st Dist.] 2003, no writ) (emphasis added). Since Plaintiff has failed to properly alleged that Bank of America's foreclosure was unlawful, he has similarly failed to allege a conversion claim. *Sky/RGS Prop., Ltd. v. First Nat'l Bank and Trust Co. of McAlester*, No. 3:96-CV-1313-P, 1996 WL 707014 at *7 (N.D.Tex. Dec. 4, 1996) (dismissing conversion claim arising out of foreclosure action where plaintiff failed to establish foreclosure was unlawful).

## Recommendation

The Court should GRANT Bank of America's Motion to Dismiss (Doc. 5) and DISMISS Plaintiff's claims without prejudice.

SO RECOMMENDED, February 12, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).